# EXHIBIT A

## Amended Complaint

# EXHIBIT A

F I L E D
Electronically
CV17-01636
2017-12-15 09:48:33 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 6440904 : yviloria

1 | **$1425**
Mark Wenzel, Esq.
2 | Nevada State Bar No. 5820
BRADLEY, DRENDEL & JEANNEY
3 | P.O. Box 1987
Reno, NV 89505
4 | Telephone No. (775) 335-9999
Facsimile No. (775) 335-9993
5 | *Attorney for Plaintiff Carol Sewell*

6 | IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7 | IN AND FOR THE COUNTY OF WASHOE

8 |

9 | CAROL SEWELL, as an individual,

10 | Plaintiff,

11 | v.                                                        Case No. CV17-01636

12 | FEDERAL INSURANCE COMPANY, an           Dept. No. 3
Indiana Company; CAPITAL ONE
13 | FINANCIAL CORPORATION; DOES I-X;
BLACK AND WHITE CORPORATIONS
14 | I-X,

15 | Defendants.

16 | _____/

17 | **AMENDED COMPLAINT**

18 | COMES NOW CAROL SEWELL, by and through her counsel of record, Mark Wenzel, Esq.

19 | of the law firm of Bradley, Drendel and Jeanney, and for a cause of action against the Defendants

20 | hereby alleges and complains as follows:

21 | **PARTIES & JURISDICTION**

22 | 1.        At all times material hereto, CAROL SEWELL, is a resident of Washoe County,

23 | Nevada.

24 | 2.        Plaintiff CAROL SEWELL was the legal spouse of Decedent Karen Todd.

25 | 3.        Based upon information and belief, Defendant FEDERAL INSURANCE COMPANY

26 | is a foreign corporation, incorporated in Indiana, and doing business in the state of Nevada as an

27 | insurance company.

28 | ///

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203483

4.      Based upon information and belief, Defendant CAPITAL ONE FINANCIAL CORPORATION is a foreign corporation doing business in the state of Nevada.

5.      Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH, vs. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of Defendants designated as DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive are unknown at the present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, and that said fictitiously designated Defendants are jointly and severally liable for the damages sustained by Plaintiff as alleged herein. When Plaintiff becomes aware of the true names of said Defendants, she will seek leave to amend this Complaint in order to state the true names in the place and stead of such fictitious names.

6.      Plaintiff does not know the true names and capacities, whether corporate or otherwise, of these Defendants sued herein as DOES I through X, inclusive; ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through X, inclusive and Plaintiff prays leave that when the true names of said Defendants are ascertained, she may insert the same at the appropriate allegations. Plaintiff is informed and believes, and upon such information and belief, alleges that each of the Defendants designated herein by such fictitious names are negligently responsible in some manner for the events and happenings herein referred to and negligently caused the injuries to Plaintiff. Plaintiff further alleges that each Defendant designated herein by such fictitious names are and at all times relevant hereto were, agents of each other and have ratified the acts of each other Defendant and acted within the course and scope of such agency and have the right to control the actions of the remaining Defendants.

///

///

///

///

///

///

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203483

7.      At all times herein mentioned, Defendants, and each of them, were the apparent ostensible principals, principals, apparent ostensible agents, agents, apparent ostensible servants, servants, apparent ostensible employees, employees, apparent ostensible assistants, assistants, apparent ostensible consultants and consultants of their Co-Defendants, and were as such acting within the course, scope and authority of said agency and employment, and that each and every act of such Defendants, as aforesaid, when acting as a principal, agent, employee, assistant or consultant, were responsible in some manner for the events and happenings herein referred to.

## FACTS

8.      Decedent KAREN TODD entered into a contract with Capital One Financial Corporation, for a Visa Signature credit card.

9.      That contract included a provision for Travel Accident Insurance.

10.     The Travel Accident Insurance provision provides, among other things, that Ms. Todd would be automatically insured upon to $250,000.00 against accidental loss of life while riding as a passenger in, entering or exiting any licensed common carrier, so long as the entire cost of the passenger fare was purchased with the Capital One Visa Signature credit card.

11.     On or about X, Ms. Todd purchased a passenger fare with Alaska Alpine Adventures with her Capital One Visa Signature credit card.

12.     At the time of Ms. Todd's trip, Alaska Alpine Adventures maintained an Arctic National Wildlife Refuge Commercial Activities Special Use Permit.

13.     At the time of Ms. Todd's trip, Alaska Alpine Adventures constituted a common carrier under the terms and definitions of the Capital One Visa Signature contract.

14.     On or about June 16, 2016, Ms. Todd lost her life after falling out of a canoe owned by Alaska Alpine Adventures LLC.

15.     Upon information and belief Plaintiff CAROL SEWELL is the beneficiary of the Karen Todd's Travel Accident Insurance.

16.     Due to the contractual provisions, damages incurred as a result of Ms. Todd's death, as well as  pain and suffering, Plaintiff CAROL SEWELL filed a claim for the Travel Accident Insurance coverage benefits with Defendant FEDERAL INSURANCE COMPANY.

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203483

17.  Plaintiff CAROL SEWELL is entitled to policy limits of Ms. Todd's Travel Accident Insurance.

18.  Plaintiff CAROL SEWELL has asked Defendant FEDERAL INSURANCE COMPANY to pay the policy limits of Ms. Todd's Travel Accident Insurance.

19.  Defendant FEDERAL INSURANCE COMPANY has denied the claim.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

20.  Plaintiff realleges Paragraphs 1 through 19 of this Complaint and incorporates the same herein as though set forth at length.

21.  An insurance contract existed between Ms. Todd  and Defendants FEDERAL INSURANCE COMPANY, and CAPITAL ONE FINANCIAL CORPORATION.

22.  Defendants have breached the contract by denying the claim made by Plaintiff CAROL SEWELL as the beneficiary of the contract.

23.  As a direct and proximate result,  has sustained damages in an amount in excess of $15,000.

## SECOND CAUSE OF ACTION

### (Bad Faith)

24.  Plaintiff realleges Paragraphs 1 through 23 of this Complaint and incorporates the same herein as though set forth at length.

25.  There is an implied covenant of good faith and fair dealing in the insurance contract that Defendants FEDERAL INSURANCE COMPANY, and CAPITAL ONE FINANCIAL CORPORATION will not do anything to injure the rights of its insureds.

26.  By failing to pay the claim; by failing to conduct an objective investigation and evaluation; by treating its interest above that of Plaintiff's interests; by failing to adopt reasonable standards for claims handling practices and other conduct, Defendants FEDERAL INSURANCE COMPANY, and CAPITAL ONE FINANCIAL CORPORATION have breached their duty of good faith and fair dealing by engaging in unreasonable conduct with knowledge of there being no reasonable basis for its conduct.

-4-

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203483

27.     As a direct and proximate result of Defendants' conduct, Plaintiff CAROL SEWELL has suffered special and general damages, including emotional distress, costs and attorney's fees in excess of $15,000.

28.     In engaging in its bad faith conduct, Defendant FEDERAL INSURANCE COMPANY, and CAPITAL ONE FINANCIAL CORPORATION acted fraudulently, oppressively, and in malicious disregard for the rights of Plaintiff CAROL SEWELL.  Plaintiff, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Breach of Nevada Unfair Claims Settlement Practices Act)

29.     Plaintiff realleges Paragraphs 1 through 28 of this Complaint and incorporates the same herein as though set forth at length.

30.     Upon information and belief Defendants FEDERAL INSURANCE COMPANY, and CAPITAL ONE FINANCIAL CORPORATION are and at all times mentioned herein were, entities regulated by Title 57 of the Nevada Revised Statutes.

31.     Under NRS 686A.310(2), Plaintiff is specifically authorized to enforce the provisions of NRS 686A.310(1). Plaintiff incorporates the specific provisions of NRS 686A.310.

32.     Defendant FEDERAL INSURANCE COMPANY and CAPITAL ONE FINANCIAL CORPORATION  has violated these provisions by failing to pay where liability is reasonably clear; by misrepresenting pertinent facts and insurance policy provisions relating to coverages at issue; by forcing  to initiate this lawsuit; by failing to adopt and implement reasonable standards for the investigation of claims and other wrongful conduct.

33.     As a proximate and foreseeable result of the violations of NRS 686A.310, Plaintiff has suffered general and special damages in an amount in excess of $15,000.

34.     In carrying out the violations of NRS 686A.310, Defendants FEDERAL INSURANCE COMPANY, and CAPITAL ONE FINANCIAL CORPORATION acted fraudulently, oppressively, and in malicious disregard for the rights of . Plaintiff, therefore, seeks punitive damages by way of punishment and deterrence in an amount to be determined at trial.

///

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203483

## FOURTH CAUSE OF ACTION

### (Punitive Damages: Malice, Fraud or Oppression)

35.     Plaintiff realleges Paragraphs 1 through 34 of this Complaint and incorporates the same herein as though set forth at length.

36.     At all times relevant hereto, Defendants FEDERAL INSURANCE COMPANY, and CAPITAL ONE FINANCIAL CORPORATION had knowledge that denying, delaying, and/or handling Plaintiff's claim below industry standards would cause her harm.

37.     The aforesaid misconduct by Defendants FEDERAL INSURANCE COMPANY, and CAPITAL ONE FINANCIAL CORPORATION at all times relevant hereto amounts to fraud, malice or oppression, and was in reckless disregard of the rights of Plaintiff.

38.     The conduct of Defendants FEDERAL INSURANCE COMPANY, and CAPITAL ONE FINANCIAL CORPORATION should be punished, and an example made of said conduct, to discourage Defendants and others in similar positions from engaging in like conduct in the future, through the award of punitive damages in a just and reasonable amount.

39.     As a direct and proximate result of the reckless, malicious and oppressive conduct of Defendants FEDERAL INSURANCE COMPANY, and CAPITAL ONE FINANCIAL CORPORATION and the reckless disregard for the rights of Plaintiff, Plaintiff is entitled to an award of punitive damages in order to deter Defendants from engaging in such egregious conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the as follows:

1.      For leave to amend the Complaint upon discovery of the true names and identities of each Doe defendant;

2.      For past and future special damages and expenses which will be shown according to proof;

3.      For past and future general damages to Plaintiff, each in a sum in excess of $15,000.00;

4.      For costs of suit and reasonable attorney fees herein;

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203483

5.     For pre-judgment and post-judgment interest as allowed by law;

6.     For punitive damages; and

7.     For such other and further relief, at law or in equity, as this Court may deem equitable and just.

AFFIRMATION Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

Dated this ___5th___ day of December 2017.

BRADLEY, DRENDEL & JEANNEY

Mark Wenzel, Esq.
*Attorney for Plaintiff Carol Sewell*

LAW OFFICE OF
BRADLEY, DRENDEL
& JEANNEY
P.O. BOX 1987
RENO, NV 89505
(775) 335-9999

Our File No. 203483