Amy M. Samberg, NV Bar No. 10212
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
Two North Central Avenue, 18th Floor
Phoenix, AZ 85004
Telephone: 602-777-6230
Facsimile: 312-863-5099
Email: asamberg@fgppr.com

Casey G. Perkins, NV Bar No. 12063
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, NV 89052
Telephone: 702-827-1510
Facsimile: 312-863-5099
Email: cperkins@fgppr.com

*Attorneys for Defendants Federal Insurance Company and Capital One Bank (USA), N.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAROL SEWELL, as an individual;<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY; CAPITAL ONE FINANCIAL CORPORATION; DOES I-X; BLACK AND WHITE CORPORATIONS I-X,<br><br>Defendants. | CASE NO.   3:18-cv-00016-RCJ-VPC<br><br>**STIPULATED PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties, Plaintiff Carol Sewell and Defendants' Federal Insurance Company and Capital One Bank (USA), N.A., by and through counsel of record, in connection with this case, the parties hereby agree as follows:

1.     Any party or non-party may designate as "confidential" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party

- 1 -

or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial in information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedures set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specific designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual defendants, class representatives, any officer or employee of a

1  party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

2         (d)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if a party chooses a consultant or expert employed by Defendants or a competitor of either Defendant, the party shall notify the opposing party or designating nonparty, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure:

       (e)    any authors or recipients of the Confidential Information;

       (f)    the Court, Court personnel, and court reporters; and

       (g)    witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.    Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under deal, and shall be filed consistent with the court's electronic filing procedure in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cor.

2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010)

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document number or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occur:

(a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or on-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communications or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents

within the time period upon consent of the party who provided the information and certify in writing within thirty (3) days that the documents have been destroyed.

11. The term of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Dated: April 30, 2018

BRADLEY, DRENDEL & JEANNEY

By: /s/ Mark Wenzel
Mark Wenzel, Esq.
Nevada Bar No. 5820
P.O. Box 1987
Reno, NV 89505
Attorney for Plaintiff Carol Sewell

Dated: April 30, 2018.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC

By: /s/ Casey G. Perkins
Amy M. Samberg, Esq
Nevada Bar No. 10212
Two North Central Avenue, 18th Floor
Phoenix, AZ 85004

Casey G. Perkins, Esq.
Nevada Bar No. 12063
2200 Paseo Verde Parkway, Suite 280
Henderson, NV 89052
Attorneys for Federal Insurance Company and Capital One Bank (USA), N.A.

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: May 2, 2018

# EXHIBIT "A"

# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the term and restrictions of the Protective Order dated _____ ____, 2018, entered in the United States District Court, District of Nevada, Civil No. 3:18-cv-00016-RCJ-VPC. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court, District of Nevada for the purpose of enforcing the Protective Order.

DATED:_____.

_____

## CERTIFICATE OF SERVICE

As an employee of Foran Glennon, I certify that a copy of the foregoing **STIPULATED PROTECTIVE ORDER** was served by the method indicated:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☒ **BY ELECTRONIC SERVICE:** submitted to the above-entitled Court for electronic service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

Dated: April 30, 2017

/s/ *Rita Tuttle*
An Employee of Foran Glennon